IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABDUL MUHAMMAD             :
                           :
v.                         :    Civil Action WMN-01-2078
                           :
JOHN E. POTTER[1]          :
Postmaster General,        :
United States Postal Service :

**MEMORANDUM**

Before the Court are: Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment (Paper No. 19), and Plaintiff's Motion for Summary Judgment (Paper No. 21). The motions have been fully briefed and are ripe for decision. Upon review of the pleadings and applicable case law, the Court finds that no hearing is necessary (Local Rule 105.6). For the reasons that follow, Defendant's Motion to Dismiss will be granted and Plaintiff's Motion for Summary Judgment will be denied.

**I. FACTUAL BACKGROUND**

The facts of this case are undisputed except where otherwise noted. This action arises out of <u>pro se</u> Plaintiff Abdul Muhammad's (formerly known as Brian K. Ransom) employment with the United States Postal Service in Maryland. On June 2, 1994, Plaintiff was injured while performing his duties and was later

---

[1] John E. Potter is the new Postmaster General. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John E. Potter has been substituted for William Henderson as the Defendant.

diagnosed with aggravated lumbar pain. Plaintiff alleges that upon returning to work, he was "restricted to three hours of work per day and forced to use [his] earned leave and sick leave in order to acquire forty hours per week." Complaint at ¶ 6(c). Plaintiff was terminated in February 1999, although Plaintiff argues he did not discover this fact until May 1999.[2] On September 20, 1999, Plaintiff requested pre-complaint processing with the Equal Employment Opportunity Commission (EEOC). His Formal Equal Employment Opportunity Complaint was dismissed on April 19, 2001.

On July 16, 2001, Plaintiff filed suit in this Court, claiming that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., the Rehabilitation Act of 1973, and the Americans with Disabilities Act (ADA) by discriminating against him on the basis of his disability. More specifically, Plaintiff contends that Defendant failed to provide appropriate accommodations for his injury or to give him Worker's Compensation benefits, and that he was

---

[2] In the Complaint, Plaintiff alleges that the events at issue occurred in the year 2000. In his Motion for Summary Judgment, however, he acknowledges the mistake and states that 1999 was the correct year of the events. This date is in accordance with the EEOC's decision to dismiss Plaintiff's complaint and will be used by this Court in making its decision.

wrongfully terminated.[3] The government has moved to dismiss, arguing that this Court does not have jurisdiction because Plaintiff failed to exhaust his administrative remedies as required under 42 U.S.C. § 2000e-5(b).

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move the Court to dismiss a complaint for lack of subject matter jurisdiction. In deciding such a motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac Railroad Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). The burden of proving subject matter jurisdiction remains, at all times, with the plaintiff. Richmond, Fredericksburg & Potomac Railroad Co., 945 F.2d at 768.

**III. DISCUSSION**

Under Title VII and the ADA, a plaintiff must first timely file a charge with the EEOC and exhaust all available

---

[3] Plaintiff appears to dispute the Office of Worker's Compensation Programs decision to deny his claim for Worker's Compensation benefits. In his Complaint, however, Plaintiff does not name anyone other than the Postmaster General as a defendant in this action. In addition, Plaintiff appealed the Department of Labor's decision to deny his Worker's Compensation claim and it may still be pending.

administrative remedies before commencing a suit in federal court. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408; Brown v. General Serv. Admin., 425 U.S. 820, 832 (1976); Zografov v. Veterans Admin. Med. Ctr., 779 F.2d 967, 968-69 (4th Cir. 1985). After exhausting the administrative remedies, a plaintiff must obtain a right to sue letter from the EEOC in order to file a claim in federal court. See Love v. Pullman Co., 404 U.S. 522, 525-27 (1972).

EEOC regulations require that a plaintiff contact an Equal Employment Opportunity counselor within 45 days of the alleged discrimination and that complaints for unlawful termination be filed within 180 days from discharge. See 29 C.F.R. § 1614.105(a)(1); 42 U.S.C. § 2000e-5(3). In the present case, Plaintiff filed a complaint with the EEOC approximately five years after the initial injury and seven months after his termination. The curious facts of this case, however, raise an unusual question. Although Plaintiff was discharged in February 1999, he allegedly did not learn of his termination until May, 1999. He thereafter filed an EEO complaint on September 20, 1999, within 180 days of the alleged notice. Although it would then appear that Plaintiff filed within the statutory period, Plaintiff concedes that his receipt of his termination notice was delayed because he had been in living in Florida, and "due to

changes of address and the delays in the delivery of mail the plaintiff did not receive notice until May 1999." Pl. Mot. at 4. This Court will not toll the statutory period to accommodate an error on Plaintiff's part.[4]

Plaintiff argues, however, that by filing for Worker's Compensation benefits, which he presumably did soon after his injury, he satisfied the relevant administrative exhaustion requirements.[5] This argument is without merit. In order to meet the Title VII and ADA requirements, a plaintiff must file a complaint with the correct agency, i.e., the EEOC, rather than with the Department of Labor, where Plaintiff sought worker's compensation.

In the alternative, Plaintiff relies on 42 U.S.C. § 2000e-11 to argue that because he is a veteran, he should be exempted from the administrative exhaustion requirements. Plaintiff's reliance on 42 U.S.C. § 2000e-11 (Section 712) is misplaced, however. The

---

[4]Furthermore, the fact that Plaintiff moved to Florida before his termination and therefore was not reporting to work in Maryland when he was terminated in February 1999 greatly undermines his claim of wrongful termination.

[5]Plaintiff received a notice of right to sue from the EEOC on April 19, 2001. Plaintiff concludes that such notice authorizes him to file suit in this Court. Receipt of notice of right to sue, however, does not displace the requirement that a plaintiff timely exhaust all administrative remedies. See Wood v. Central Parking Sys. of Pa., Inc., 2000 U.S. Dist. LEXIS 9043, *15, 2000 WL 873310, *5 (E.D. Pa. June 23, 2000).

5

purpose of this section is to protect the rights or preference for veterans in the course of outlawing employment discrimination. See <u>United States v. Bd. of Tr. of Ill. State Univ.</u>, 944 F.Supp. 714, 720 n. 12 (C.D. Ill. 1996) ("Section 712 evinces Congress' intent not to disturb the effects of veterans' preference programs in the course of outlawing employment discrimination."). The statute does not provide an exception to the administrative exhaustion requirements.

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be granted and Plaintiff's Motion for Summary Judgment will be denied. A separate order will issue.

*/s/ William M. Nickerson*
William M. Nickerson
United States District Judge

Dated: May 8, 2002